UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JUSTIN LEON BENNETT,                )
                                    )
            Petitioner,             )
                                    )
        v.                          )        Case No. 1:22-cv-00025-SNLJ
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

**MEMORANDUM AND ORDER**

On March 3, 2022, Petitioner Justin Bennett ("Bennett") filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255.  This Court then ordered the United States to show cause why the relief requested in Bennett's motion should not be granted. Based on the reasons set forth below, this Court will order an evidentiary hearing on the sole issue of whether Bennett asked his attorney to file a notice of appeal.  The Court will dismiss Bennett's additional claims as waived and procedurally barred or otherwise deny them without an evidentiary hearing because they fail as a matter of law.

## I.    PROCEDURAL HISTORY

On April 21, 2020, police learned that a suspicious parcel from California was enroute to Brett Holder's residence in Hillsboro, Missouri. Plea Stip, p. 3[1]. Officers established surveillance and observed Holder hand the parcel to Brittany Whitener, who

---

[1]  Plea Stipulation and Agreement, Document # 381, filed in cause 1:20-cr-00075-SNLJ.

was a passenger in a car being driven by Bennett, who had recently been released from prison. *Id*. Bennett fled from officers, striking an unmarked police car. *Id*. The pursuit ended when Bennett crashed the car in a field, and both he and Whitener fled on foot. *Id*. Bennett abandoned the parcel, which contained approximately three pounds of methamphetamine and some marijuana into the woods. *Id*.

The investigation also revealed that Whitener had been in contact with Bennett about the conspiracy while he was still incarcerated in the Missouri Department of Corrections. PSR, ¶ 25[2]. Bennett's calls were recorded and monitored as a matter of DOC policy and later recovered by narcotics investigators. *Id*. Bennett had provided advice to Whitener after the seizure of seven pounds of methamphetamine from other conspirators, and Whitener discussed sending drug proceeds to the supplier in California with Bennett. PSR, ¶¶ 27-28.

Initially charged in a complaint along with Whitener, Bennett and ten other people were indicted for conspiracy to distribute methamphetamine on May 12, 2020. Doc. 23, 1:20-cr-00075-SNLJ. On May 19, 2021, Bennett pleaded guilty to possession of more than 500 grams of methamphetamine with intent to distribute. Doc. 381, 1:20-cr-00075-SNLJ. Bennett's plea stipulation contained a waiver of his appellate rights as to sentencing issues provided that he was sentenced within or below the agreed upon sentencing guidelines range. Plea Stip, p. 5. Bennett also "agree[d] to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United

---

[2] Presentence Investigation Report, Document # 450, filed in cause 1:20-CR-75-SNLJ.

States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." Plea Stip, p. 6.

Bennett's base offense level was determined to be 30 pursuant to USSG Section 2D1.1(c)(5). PSR, ¶ 46. Two levels were added pursuant to Section 3C1.2, as Bennett recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. PSR, ¶ 50. Three levels were deducted as Bennett accepted responsibility and notified the Government of his intention to plead guilty in a timely fashion. PSR, ¶¶ 53-54. Bennett's total offense level was determined to be 29. PSR, ¶ 55. All of the sentencing guidelines calculations were in conformity with the parties' recommendations in the Plea Stipulation. Plea Stip, p. 4.

Bennett has a substantial criminal history dating back to age 18, which includes felony convictions for possession of a controlled substance in 2007 (PSR, ¶ 58), burglary 2nd in 2008 (PSR, ¶ 62), possession of a controlled substance in 2010 (PSR, ¶ 66), tampering with a motor vehicle in the first degree in 2013 (PSR, ¶ 67), and violence to an inmate by an inmate in 2014 (PSR, ¶ 68). Bennett has had difficulty complying with supervision and had his probation revoked on three occasions and his parole revoked on four occasions. PSR ¶¶ 58, 62, 66, 68.

Bennett was still on parole when he committed this offense and had a total of 17 criminal history points for a criminal history category of VI. PSR ¶¶ 71-72.

With a total offense level of 29 and a criminal history category of VI, the advisory sentencing guidelines range was determined to be 151-188 months, with a mandatory statutory minimum sentence of 120 months. PSR, ¶¶ 106-107.

On September 13, 2021, Bennett was sentenced within the agreed upon Sentencing Guidelines Range to 168 months of incarceration, five years of supervision, and ordered to pay a $100 special assessment. Doc. 470, 1:20-cr-00075-SNLJ. This sentence was ordered to run consecutively to several sentences that may be imposed in the Circuit Court of St. Francois County, Missouri. Bennett did not file an appeal in a timely manner, and on March 3, 2022, filed his motion under Title 28 U.S.C. Section 2255 herein. Doc. 1. He now raises four grounds for relief that will be addressed in turn.

## II.    LEGAL STANDARD

"Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quotation omitted). And like habeas corpus, this statutory remedy "does not encompass all claimed errors in conviction and sentencing." *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Under Section 2255(a), a petitioner may file a motion for post-conviction review on four specified grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States.' (2) 'that the court was without jurisdiction to impose such sentence.' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack'." *Martin v. United States*, 150 F. Supp. 3d. 1047, 1049 (W.D. Mo. 2015) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)); *See also* R. GOVERNING § 2255 PROCEEDINGS 1. The petitioner bears the burden of proof as to each asserted ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted).

4

A. **<u>Need for an Evidentiary Hearing</u>**

28 U.S.C. § 2255 provides, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Court states:

The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. *Id*. at 225-6; see also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary

hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel Respecting Consecutive Sentence

Bennett's first ground for relief appears to be that his attorney lied to him about his pending charges being "brought up" at sentencing, and that he did not get concurrent sentencing. Doc. 1, p. 4. According to Bennett, getting a concurrent sentence was his "concern from the time we agreed to the plea deal," and his attorney told him that it would not be brought up. *Id*. However, pursuant to the plea agreement, Bennett was advised of the possible penalty range of not less than ten years, nor more than life imprisonment prior to pleading guilty. Plea Stip, p. 3. Bennett also indicated by signing the plea stipulation that there were no promises made to him other than what was in the plea agreement, which contained no agreements about concurrent or consecutive sentencing on any pending charges.

> This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Plea Stip, p. 9.

Bennett affirmed this to be the case during the plea colloquy.

6

| | |
|---|---|
| The Court: | "Now, the lawyers have given me this written guilty plea agreement consisting of 10 pages. I see that you and the lawyers have signed it on page 10; is that right?" |
| Bennett: | "Yes, sir." |
| The Court: | "Have you read the agreement?" |
| Bennett: | "Yes, sir." |
| The Court: | "Have you gone over it in detail with your lawyer?" |
| Bennett: | "Yes, sir." |
| The Court: | "Has he explained the contents of the agreement in detail to you?" |
| Bennett: | "Yes, sir." |
| The Court: | "And do you understand the contents of the agreement?" |
| Bennett: | "Yes, sir." |
| The Court: | "Is there anything in here that you do not understand" |
| Bennett: | "No, sir." |
| The Court: | "Now, have any promises been made by anyone to get you to plead guilty other than the promises set out in that agreement?" |
| Bennett: | "No, sir." |
| The Court: | "So this is the complete, full, total agreement; right?" |
| Bennett: | "Yes, sir." |

Plea Tr. pp. 6-7.

The record reflects that Bennett was not promised anything respecting the concurrent vs. consecutive issue. The Court has broad discretion under Title 18, United States Code, Section 3584 to impose consecutive terms with other unrelated offenses at

sentencing. *United States v. Becker*, 636 F.3d 402, 408 (8th Cir. 2011). Given Bennett's significant criminal history, coupled with the fact that he was engaged in the conspiracy while still in prison, and was caught with a large quantity of methamphetamine so shortly after being released from prison, together justified a consecutive sentence to Bennett's other serious, unrelated pending charges.

A defense attorney's failure to predict the sentences would be run consecutively is not ineffective assistance of counsel. *Roberson v. United States*, 901 F.2d 1475, 1478-79 (8th Cir. 1990). Even if Bennett's counsel had told him that he believed that Bennett was going to get concurrent sentences prior to the plea, that would not constitute grounds for relief. It is well established that a defendant's reliance on counsel's mistaken impression about the length of a sentence does not render a plea involuntary, as long as the defendant was informed of the possible minimum and maximum sentence. *United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999).

Bennett was properly informed of the penalty range both in the written plea agreement, and in the plea colloquy. Plea Stip, p. 3); Plea Tr., p. 10).

Nor was Bennett prejudiced because he did not receive a concurrent sentence as he had hoped. In *Welker v. United States*, the petitioner argued in a 2255 motion that he had been denied effective assistance of counsel because his counsel failed to request a concurrent sentence at sentencing. 2009 WL 57139, at *2 (E.D. Mo. Jan. 9, 2009). The Court denied the motion and ruled that even if the counsel's performance was deficient in his failure to request a concurrent sentence, the petitioner failed to meet the prejudice requirement of an ineffective assistance of counsel claim. *Id*. at *4. The mere possibility

8

the court would award a concurrent sentence instead of a consecutive one was not sufficient to show actual prejudice. *Id*.

> In order for a counsel's performance to be constitutionally ineffective it must be objectively unreasonable and result in actual prejudice. *Forsyth v. Ault*, 537 F.3d 887, 891 (8th Cir. 2008). "Prejudice exists only if there is a reasonable probability that the outcome would have been different had counsel's performance beenadequate." *Id*. A court's decision to run a sentence concurrently or consecutively under U.S.S.G. § 5G1.3(c) is left to the discretion of the court. Because such adecision is discretionary, there is only a possibility, not a reasonable probability, that a court would impose a concurrent rather than a consecutive sentence if a motion under § 5G1.3(c) is properly raised. A "mere possibility of prejudice" does not meet the actual prejudice threshold needed to establish an ineffective assistance of counsel claim. *See Prewitt v, United States*, 83 F.3d 812, 819 (7th Cir. 1996) (defendant's counsel's failure to raise a § 5G1.3(c) motion created only a possibility of prejudice and did not qualify as actual prejudice to support an ineffective assistance of counsel claim).

*Id*. Similarly, the Seventh Circuit held that the mere possibility that the district court would have imposed a concurrent sentence, instead of a consecutive sentence, was not actual prejudice justifying relief pursuant to § 2255. *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996).

The record reflects that Bennett was not promised a concurrent sentence with his other unrelated pending felony cases, nor would he have been prejudiced even if his attorney had mistaken believed that one would be imposed.

Finally, the decision to run the sentence consecutively or concurrently was not up to this Court, but was instead the prerogative of the state court judge in St. Francois County where several state court cases had yet to be decided. This Court's pronouncement of consecutive sentences was not binding on the state court. Therefore, this ground will be dismissed without the necessity of an evidentiary hearing.

**B. <u>Bennett's Claim That He Was Not Provided with Discovery</u>**

Bennett alleges that he "never seen or got to look over any of the evidence against me." However, this allegation is refuted by the record. In the written plea stipulation and Agreement, Bennett acknowledged that he had seen the discovery and had an opportunity to discuss it with his attorney.

> The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses."

Plea Stip, p. 8.

During the plea colloquy, Bennett was specifically asked if he was satisfied with his counsel's representation of him in this matter.

| The Court: | "Because this is a criminal case you're entitled to effective representation from a lawyer at each stage of the proceedings against you. Do you understand that?" |
| --- | --- |
| Bennett: | "Yes, sir." |
| The Court: | "So with that in mind I'll ask you are you satisfied with the way your lawyer has handled your case?" |
| Bennett: | "Yes, sir." |
| The Court: | "Has he investigated the case to your satisfaction?" |
| Bennett: | "Yes, sir." |
| The Court: | "Has he done everything you've asked him to do?" |
| Bennett: | "Yes, sir." |
| The Court: | "No gripes or complaints whatsoever then?" |

Bennett:        "No, sir."

Plea Tr., p. 4.

At the guilty plea hearing, Bennett did not make the allegation that he had not seen the discovery, and the record reflects that he saw the discovery and fully discussed it with counsel.  Bennett's allegation that he had "never seen or got to look over any of the evidence against [him]" is refuted by the record, and this ground will be denied without the necessity of having an evidentiary hearing.

### C. **Bennett's Claim That He Made a Timely Request to Counsel to Appeal**

In his third ground for relief, Bennett claims that he "never got the direct appeal I asked for." Doc. 1, p. 7.  Bennett does not state specifically when he requested that appeal or to whom he addressed his request.  The record suggests that he most likely is referring to the request for documents which he filed, and which the Court construed as a notice of appeal.  Doc. 574, 1:20-cr-00075-SNLJ.  Bennett was sentenced on September 13, 2021 (Doc. 470, 1:20-cr-00075-SNLJ) and sent a letter to the Clerk of the Court, which was filed on December 9, 2021, 88 days after his sentencing and well past the deadline for filing an appeal.  In it he states:

> I am trying to do an appeal on my case there in your Court. I am not getting any response or cooperation from my attorney in this matter.

Doc. 574, 1:20-cr-00075-SNLJ.

Later in that document, Bennett asked for a copy of his docket sheet so that he could use it to select documents he believes he will need to file a 2255 motion. *Id*.  Bennett uses both the term "appeal" and "2255 motion" in his request but does not indicate that he

requested his attorney to file an appeal in a timely manner.[3]  This Court construed Bennett's letter as a notice of appeal (Doc. 547, 1:20-cr-00075 SNLJ) and the Eighth Circuit Court of Appeals ultimately dismissed the appeal as being untimely. Doc. 592, 1:20-cr-00075 SNLJ. Bennett sent another letter, which was filed on January 20, 2022, requesting additional documents, wherein the subject line was "RE Documents for appeal."  Doc. 587, 1:20-cr-00075-SNLJ.  Bennett does not allege in this document that he ever requested his attorney to file an appeal.  *Id*.

Bennett's attorney indicated that he spoke with Bennett after the sentencing hearing and that Bennett was "visibly annoyed because his sentence wasn't lower."  Govt. Exhibit A, ¶ 14.  Bennett did not sign notice of compliance with Local Rule 12.07(A), however Bennett's attorney told him to contact the attorney if he wanted the attorney to file anything. *Id*.  Bennett's attorney went on to indicate that he never heard from Bennett or his fiancé until "sometime around mid to late November, 2021," well after the time for appeal had run.  Govt. Exhibit A, ¶ 15.

Generally speaking, where a petitioner's allegations in a Section 2255 Motion, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record affirmatively refutes the factual assertions upon which the claim is based. *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007).  An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling

---

[3] Bennett would later tell his attorney on January 21, 2022, that he did not want to appeal anything but had only sent the letter to the Court because the attorney had not provided copies of Bennett's documents to him as quickly as he had hoped and other inmates had told him to write the Court and mention the words "appeal" and "2255" so that a transcript would have to be made.  Govt. Exhibit A, ¶ 20.

petitioner to an evidentiary hearing, and no inquiry into prejudice or likely success on appeal is necessary to that determination. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). This is true even if the Movant waived their right to appeal as part of a plea agreement. *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014)

Here, Bennett makes non-specific allegations that he "never got the direct appeal I asked for." While Bennett never alleges he asked his attorney to file a notice of appeal, to the extent the Court interprets this ground for relief as an ineffective assistance of counsel claim alleging a failure to file a notice of appeal, it can "mak[e] a factual determination based on the relative credibility of [former defense counsel and the petitioner] without the benefit of an evidentiary hearing" only if Bennet's claims are "facially incredible" or the competing allegations regarding the appeal request do not "contain similar specificity." *See Witthar v. United States*, 793 F.3d 920, 923 (8th Cir. 2015) (quotation omitted). Bennett's attorney's explanation of the events following the sentencing hearing is significantly more detailed that Bennett's, and thus, the Court may deny Bennett's claims to the extent it relates to his attorney, Jacob Zimmerman.

In short, Bennett simply has not established that he requested that his attorney file an appeal in a timely fashion, given that his "notice of appeal" was really a request for documents, nor does he claim that he asked his counsel to pursue an appeal in a timely fashion. As a result, Bennett's Section 2255 Motion is inadequate on its face within the meaning of *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). All that said, in an abundance of caution, this Court will order a hearing on the sole issue of whether Bennett asked his attorney to file a notice of appeal.

13

**D. Bennett's Claim That He Was Promised a Ten-Year Sentence**

In his final ground for appeal, Bennett alleges that he was promised a ten-year sentence if he waived his detention hearing and pretrial motions.  Doc. 1, p. 8.  The record reflects that this allegation is without merit.

As indicated in Section "A" supra, the record reflects that there were no promises made other than those in the plea agreement.  In addition, the Court was clear that there was no guarantee of any particular sentence.

| | |
|---|---|
| The Court: | "I need to tell you, too, though, that the Sentencing Guidelines, whatever they turn out to be, are simply guidelines.  And by that I mean I can impose a sentence against you that's above the guidelines or a sentence that's below the guidelines.  Do you understand that too?" |
| Bennett: | "Yes, sir." |
| The Court: | "What I'm bound by then is the statutory penalty.  That's Paragraph 5 on page 3.  For this offense the penalty is imprisonment for up to life, a fine of up $10 million or a combination of imprisonment and fine.  After your release there would be a period of supervised release of at least five years, and there is a mandatory minimum term of imprisonment of at least 10 years.   Do you understand all that?" |
| Bennett: | "Yes, sir." |
| The Court: | "Knowing that you still wish to plead guilty?" |
| Bennett: | "Yes, sir." |
| The Court: | "Now, I'm going to consider the full range of punishment from 10 years minimum to life maximum, and then the sentence to be imposed will be in my discretion within that range of punishment.  Do you understand that too?" |
| Bennett: | "Yes, sir." |

| | |
|---|---|
| The Court: | "So with that in mind has anyone told you or promised you what sentence you'll receive in the case?" |
| Bennett: | "The guidelines are from anywhere from 150 -- at a Category VI it would be 152 to 186. |
| The Court: | "I understand, but that's why I mentioned it. I'm going to consider the full range of punishment --" |
| Bennett: | "Right." |
| The Court: | " -- from 10 years to life although -- and I'm not bound by the guidelines. I can go above or below the guidelines.  Do you understand all that?" |
| Bennett: | "Yes." |
| The Court: | "And knowing that you still wish to plead guilty?" |
| Bennett: | "Yes, sir." |

Plea Tr. , pp. 10-11.

The record clearly reflects that there was no promise made to Bennett that he would only get ten years at sentencing.  Therefore, this allegation is without merit and will be dismissed without the necessity of an evidentiary hearing.

**VI.    CONCLUSION**

For the foregoing reasons, this Court will order a hearing on the sole issue of whether Bennett asked his attorney to file a notice of appeal on **Tuesday, January 7, 2025, at 2:00 p.m.**

**IT IS FURTHER ORDERED** that this Court will deny Bennett's remaining claims without an evidentiary hearing.

**SO ORDERED** this 22nd day of November, 2024.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE